Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
***Attorneys for Plaintiff and
the putative FLSA Collective
and Class***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DMYTRO ISCHENKO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BIG APPLE INSTITUTE, INC. a/k/a BIG APPLE ACADEMY, BECEC, INC. d/b/a BAMBI DAY CARE CENTER, DOLPHIN SPORTS SCHOOL INC. d/b/a DOLPHIN SWIMMING SCHOOL, VLAD GORNY, YEVGENY ROYZENGURT and BRONISLAV LEYDIKER, Jointly and Severally,<br><br>Defendants. | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff DMYTRO ISCHENKO (the "Plaintiff"), individually and on behalf of all others similarly situated, as a collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a former employee who worked at Defendants' enterprise under the title of "Security Guard". Defendants' enterprise includes a network of various schools (including a private Elementary, Junior High School and High School), day care centers, summer camps and swimming schools all located in Brooklyn, New York. For his work, and despite the fact that he typically worked in excess of forty (40) hours each week, Plaintiff was paid a flat weekly salary that did not vary with the number of hours that he worked and which at all times fell below the minimum wage.

2.     Defendants' payment schemes resulted in systemic underpayment of wages to Plaintiff and Defendants' other employees (both hourly and salaried) in violation of federal and state wage laws.

3.     Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid spread-of-hours premiums, and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

4.     Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

5.      Plaintiffs brings his NYLL claims on behalf of himself and a Federal Rule of Civil

Procedure 23 class of all those employed as security guards as well as all other non-exempt

employees of Defendants in New York, who worked for Defendants at any time during the six

(6) years prior to the commencement of this action (on an hourly or salary basis). The class

includes those whose duties included securing the entrances to the schools, typical

janitorial/custodial duties, cleaning, accepting delivery of furniture, heavy equipment, and other

goods used by the defendants; physically moving such furniture, heavy equipment, and other

goods used by the defendants, and dismantling and disposing of industrial rubbish, packaging and

waste.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant

to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

part of the events or omissions giving rise to the claims occurred in this district and Defendants'

businesses are located in this district.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

2201 and 2202.

**THE PARTIES**

**Plaintiff:**

9.      Plaintiff Dmytro Ischenko ("Ischenko") was, at all relevant times, an adult

individual residing in Kings County, Brooklyn New York.

3

10.     Plaintiff Ischenko worked for Defendants under the title of "Security Guard" at Defendants' day care center known as "Bambi Day Care Center" in Brooklyn from approximately February 9, 2016 through approximately August 30, 2021.

11.     At all times during plaintiff Ischenko's employment at Bambi Day Care Center, Ischenko's duties included, in addition to securing the entrances to the school, typical janitorial/custodial duties, cleaning, accepting delivery of furniture, heavy equipment, and other goods used by the defendants; physically moving such furniture, heavy equipment, and other goods used by the defendants, and dismantling and disposing of thousands of pounds of industrial rubbish, packaging and waste.

12.     Pursuant to Defendants' policy and pattern or practice, Ischenko regularly performed work for defendants' benefit without compensation. Defendants did not pay Ischenko overtime for the hours he worked for defendants' benefit in excess of 40 hours in a workweek.

13.     Upon information and belief, defendant BIG APPLE INSTITUTE, INC. a/k/a BIG APPLE ACADEMY collectively, with the other defendants owns and operates "Bambi Academy" which is headquartered at 524 Lake Street Brooklyn, NY, 11223-5361.

14.     Upon information and belief, Bambi Academy is a trade name, fictitious name and/or assumed name for the business which operates a network of approximately eight (8) various schools (including a private Elementary, Junior High School and High School), day care centers, summer camps and swimming schools all located in Brooklyn, New York, which may be found on the Bambi Academy website at www. https://bambiacademy.com/. It is alleged that Bambi Academy and its various schools (including a private Elementary, Junior High School and High School), day care centers, summer camps and swimming schools are part of the BAMBI Group Enterprise.

4

15.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is filed contemporaneously herewith.

**Defendants:**

16.     Upon information and belief, BIG APPLE INSTITUTE, INC. ("BAA") is an active New York Not-For-Profit Corporation doing business as "BIG APPLE ACADEMY" with its principal place of business at 2937 86th Street, Brooklyn, NY 11223.

17.     Upon information and belief, BECEC, INC. ("BECEC") is an active New York Corporation doing business as "BAMBI DAY CARE CENTER" with its principal place of business at 2937 86th Street, Brooklyn, NY 11223.

18.     According       to       the       Bambi       Day       Care       Center       website       at https://bambidaycarecenter.com/, BECEC owns and operates four (4) day care centers across Brooklyn, as set forth below:

**BAMBI DAY CARE CENTER**

**Address:** 1981 Homecrest Ave, Brooklyn, NY 11229. **Phone:** (718) 645-7010



**BAMBI-II DAY CARE CENTER**

**Address:** 2121 Bragg Street, Brooklyn, New York, NY 11229**. Phone:** (718) 648-3332



**BAMBI-III DAY CARE CENTER**

**Address:** 2114 Brown Street, Brooklyn, NY 11229**. Phone:** (718) 368-1817



**BAMBI-IV DAY CARE CENTER**

**Address:** 405 81st Street, Brooklyn, NY 11209**. Phone:** (718) 332-8656



19.     Upon information and belief, DOLPHIN SPORTS SCHOOL INC. ("DOLPHIN") is an active New York Not-For-Profit Corporation doing business as "DOLPHIN SWIMMING SCHOOL" with its principal place of business at 2113 Haring Street, Brooklyn, NY 11229.

20.     BAA, BECEC, and DOLPHIN are hereinafter referred to collectively as the "BAMBI Group Enterprise" or the "Corporate Defendants."

21.     At all relevant times, the Corporate Defendants operated together as a single business enterprise, with the same employment policies, including wage-and-hour policies.

22.     Upon information and belief, Defendant VLAD GORNY ("Gorny") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

23.     Upon information and belief, Defendant YEVGENY ROYZENGURT ("Royzengurt") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

24.     Upon information and belief, Defendant BRONISLAV LEYDIKER ("Leydiker") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants'

payroll policies, including the unlawful practices complained of herein.

25.     Defendants Gorny, Royzengurt and Leydiker are also referred to herein as the "Individual Defendants".

26.     Upon information and belief, Defendants Gorny, Royzengurt and Leydiker own, operate and manage a network of approximately eight (8) various schools (including a private Elementary, Junior High School and High School), day care centers, summer camps and swimming schools as shown above.

27.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs. Defendants' website (https://bambiacademy.com/) links to the websites of BAA, BECEC and DOLPHIN. With the exception of Dolphin Swimming School, each business' individual website (e.g. day care center, private school, summer day camp) all share the same Main Office phone number, address and contact information.

28.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

29.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

30.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of

8

the FLSA.

31.     At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

32.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00

33.     At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

34.     At all relevant times, the Corporate Defendants have owned and operated an "Enterprise" such as a preschool, elementary and secondary school within the meaning of 28 U.S.C. §203 (s)(1)(B).

## FLSA COLLECTIVE ACTION ALLEGATION

35.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since April 19, 2019 and through the entry of judgment in this case (the "Collective Action Period") including those whose duties included securing the entrances to the schools, typical janitorial/custodial duties, cleaning, accepting delivery of furniture, heavy equipment, and other goods used by the defendants; physically moving such furniture, heavy equipment, and other goods used by the defendants, and dismantling and disposing of industrial rubbish, packaging and waste, and other non-exempt employees (the "Collective Action Members").

36.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay minimum wages for all hours worked and overtime premiums for

work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked or overtime premium payments for all hours worked in excess of forty (40) hours per week.

37.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

38.     Pursuant to the NYLL, Plaintiff brings his Second through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants at any time since April 19, 2016 and through the entry of judgment in this case (the "Collective Action Period") including those whose duties included securing the entrances to the schools, typical janitorial/custodial duties, cleaning, accepting delivery of furniture, heavy equipment, and other goods used by the defendants; physically moving such furniture, heavy equipment, and other goods used by the defendants, and dismantling and disposing of industrial rubbish, packaging and waste, and other non-exempt employees (the "Class Members").

39.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

40.     The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are at least forty (40) Class Members.

41.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not

limited to:

    a.  whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

    b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

    c.  whether the Corporate Defendants in this Action operate together as a single integrated enterprise;

    d.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members wages for all hours worked;

    e.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wages for all hours worked;

    f.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

    g.  whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

    h.  whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

    i.  whether Defendants failed to provide proper wage notices to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

    j.  whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

    k.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

42.    <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, was an employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory

minimum wage for all hours worked, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift of ten (10) or more hours and/or a split shift, and did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

43.      Plaintiff and their Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

44.      Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

45.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46.      Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

47.      The individual members of the Class have no interest or capacity to bring separate actions and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Day Care Centers, Private Schools, Swimming School and Summer Day Camp

48.      At all relevant times, Defendants have been in the business of operating the Day Care Centers, Private Schools, Swimming School and Summer Day Camp described herein.

49.      Upon information and belief, throughout the relevant time periods, the Individual Defendants have owned, operated, and managed the Day Care Centers, Private Schools,

Swimming School and Summer Day Camp described herein.

50.     Defendants' businesses are operated and marketed by Defendants as a common enterprise. Each of the above businesses are advertised jointly on Defendants' website (https://bambiacademy.com/).

51.     Employees were freely interchangeable, the various business operations were marketed as BAMBI Academy businesses, and all employees were paid by the same or substantially similar payroll methods.

52.     Upon information and belief, Defendants operate all of their businesses through common management, ownership and financial control.

53.     The Individual Defendants are a frequent presence at Defendants' Day Care Centers, Private Schools, Swimming School and Summer Day Camp and take an active role in ensuring that said businesses are run in accordance with Defendants' procedures and policies.

**Plaintiff's Work for Defendants**

54.     <u>Plaintiff Dmytro Ischenko.</u> Plaintiff is a former employee who worked at Defendants' enterprise (including BECEC Inc. a/ka/ "Bambi Day Care Center") under the title of "Security Guard". Defendants' enterprise includes a network of various schools (including a private Elementary, Junior High School and High School), day care centers, summer camps and swimming schools all located in Brooklyn, New York. Plaintiff's duties additionally included securing the entrances to the schools, typical janitorial/custodial duties, cleaning, accepting delivery of furniture, heavy equipment, and other goods used by the defendants; physically moving such furniture, heavy equipment, and other goods used by the defendants, and dismantling and disposing of industrial rubbish, packaging and waste.

55.     As set forth above, BECEC, INC. owns and operates four schools, known as: 1) Bambi Day Care Center located at 1981 Homecrest Ave, Brooklyn, New York; 2) Bambi-II Day

Care Center located at 2121 Bragg Street, Brooklyn, New York; 3) Bambi-III Day Care Center located at 2114 Brown Street, Brooklyn, New York; and 4) Bambi-IV Day Care Center located at 405 81st Street, Brooklyn, New York.

56.     During his employment with Defendants, Ischenko primarily worked in and around 405 81st Street, Brooklyn, New York.

57.     Plaintiff worked for defendants at Bambi Day Care Center from approximately February 9, 2016 through approximately August 30, 2021.

58.     From approximately February 9, 2016 through approximately August 30, 2021, when Plaintiff Ischenko worked at Bambi Day Care Center, he typically worked five (5) days per week, from approximately 7:00 am to 5:30 pm, for a total of approximately fifty-two (52) hours per week.

59.     For his work at Bambi Day Care Center, Plaintiff Ischenko received a flat weekly rate of five hundred ($500.00) per week. During the time that he worked at Bambi Day Care Center, Plaintiff received his wages by check with no breakdown of the hours that he worked or his regular or overtime rates.

60.     Plaintiff Ischenko alleges that he was frequently unable to take a break of any kind when he worked at Bambi Academy.

61.     Defendants are well aware of their legal obligations under the FLSA and NYLL and knowingly and intentionally violated the law by failing to pay Plaintiff and the Collective and Class Action Members minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage notices and wages statements as required by the NYLL.

**Defendants' Unlawful Corporate Policies**

62.     Plaintiff and the Collective and Class Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wages for all hours worked, overtime premiums and spread-of-hours premiums and failing to provide proper wage statements and wage notices.

63.     Defendants did not provide Plaintiff or the Collective and Class Action Members with proper wage notices at the time of hire or by February 1 of each year.

64.     Defendants failed to provide accurate wage statements to Plaintiff and the Collective and Class Action Members which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

65.     Despite the fact that Plaintiff typically worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) their hourly rate.

66.     Despite the fact that Plaintiff regularly worked in excess of ten (10) hours per day, Defendants failed to pay Plaintiffs and the Collective and Class Action Members an extra hour of minimum wage for such days.

67.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

68.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

70. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.

72. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

73. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

75.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Class Members)**

76.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

78.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

79.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

81.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiff and the Class Members)**

82.     Plaintiffs, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

84.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action

## SIXTH CAUSE OF ACTION
<u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE</u>
**(Brought on Behalf of Plaintiffs and the Class Members)**

85.    Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.    Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

87.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post- judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Class Members)

88.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants have willfully failed to supply Plaintiff and the Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

90.     Due to Defendants' violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective

Action Members and Class Members, respectfully request that this Court grant the following

relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

i.  An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

j.   An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

k.   An award of prejudgment and post-judgment interest;

l.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury on all questions of fact raised by the complaint.

Dated:   Brooklyn, New
York April 28, 2022

Respectfully submitted,

**LAW OFFICES OF ILYA FISHKIN, P.C.**

/s/  Marcus Aurelius Nussbaum
By:  Marcus A. Nussbaum, Esq. (MN 9581)
Ilya Fishkin, Esq. (IF 4948)
169 Commack Road, Ste. H371
Commack, New York 11725
Tel: 201-956-7071
Fax: 347-572-0439
marcus.nussbaum@gmail.com
*Attorneys for Plaintiff and the*
*putative FLSA Collective and Class*